■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JOHNS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered February 16, 1982, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726). Upon service upon him of a copy of the order to be made hereon, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the

Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the Commissioner of Correction of the City of New York pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf. CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to the Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of the order of this court to be made hereon, provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to the Grand Jury.

The defendant Joseph Johns was charged with the intentional murder of his wife. The defendant raised the defense of mental disease or defect (Penal Law former § 30.05) and the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]). The defendant's expert testified that at the time of the killing, the defendant suffered from a hysterical reaction, disassociative type, that, as a result of this condition he was unable to appreciate what he did or to know it was wrong and that this condition stemmed from a disease or defect of the mind. The People's expert testified that the condition of hysterical reaction, disassociative type, was known as psychogenic amnesia in the updated nomenclature. He further testified that in his opinion the defendant did not suffer from psychogenic amnesia on the day of the killing, and also, that even if the defendant did have this condition, he would nevertheless have known what he was doing and that it was wrong.

In its charge to the jury, the court instructed that if the People had proven intentional murder beyond a reasonable doubt, the jury was then to consider the affirmative defense of extreme emotional disturbance. the court further instructed the jury that if it found that the defendant suffered from an extreme emotional disturbance, it should report its verdict of guilty of manslaughter in the first degree by reason of extreme emotional disturbance. If the jury found the defendant guilty of intentional murder, not mitigated by extreme emo-

tional disturbance, it was to consider the defense of mental disease or defect, known as the insanity defense. The court instructed the jury that it could also consider the offense of manslaughter in the first degree pursuant to Penal Law § 125.20 (1). If the jury found the defendant guilty of intentional murder or manslaughter in the first degree pursuant to Penal Law § 125.20 (1), it was to consider the insanity defense. The court emphasized that the insanity defense was only to be considered if the jury found defendant guilty of intentional murder or manslaughter in the first degree pursuant to Penal Law § 125.20 (1). The court, in summarizing, restated that if the jury found the defendant guilty of manslaughter by reason of extreme emotional disturbance it was to report its verdict and to stop its deliberations. Defense counsel did not object to this aspect of the charge, nor request further instructions.

The jury returned a verdict of guilty of manslaughter in the first degree by reason of extreme emotional disturbance (Penal Law § 125.20 [2]).

The charge in this case created the misleading impression that the insanity defense did not apply if the jury found that the defendant satisfied his burden of proving that he was acting while under the influence of an extreme emotional disturbance (see, People v Young, 65 NY2d 103, 108, 109). The instruction with respect to extreme emotional disturbance made no reference to the insanity defense. Because the court impermissibly curtailed the jury's consideration of the insanity defense, and failed to properly instruct the jury about the application of the two defenses, the defendant's conviction must be reversed, notwithstanding trial counsel's failure to object (see, People v Young, supra, at pp 105, 108). Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.